827 F.2d 673
 8 Fed.R.Serv.3d 856
 TRINITY BROADCASTING CORPORATION, a Michigan corporation,
Plaintiff-Appellant,
v.
Lee R. ELLER; Leeco Oil, an Oklahoma corporation, Defendants,
Reece Morrel; Donald Herrold; and J. Charles Shelton,
Defendants-Appellees.
 No. 86-2118.
 United States Court of Appeals,
Tenth Circuit.
 Aug. 26, 1987.
 
 Steven J. Berg of Briggs, Patterson, Eaton & Berg, Tulsa, Okl., for plaintiff-appellant.
 James C. Lang, Brian S. Gaskill, and Melinda J. Martin of Sneed, Lang, Adams, Hamilton, Downie & Barnett, Tulsa, Okl., for defendants-appellees.
 Before LOGAN and TACHA, Circuit Judges, and O'CONNOR, District Judge.*
 PER CURIAM.
 
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed.R.App.P. 34(a); Tenth Cir.R. 34.1.8(c) and 27.1.2. The cause is therefore ordered submitted without oral argument.
 
 
 2
 On July 23, 1986, plaintiff filed a notice of appeal from the district court's entry of summary judgment in favor of some defendants, as well as from the denial of plaintiff's motion for reconsideration. Plaintiff's claims against two additional defendants in an action consolidated with the instant action remained pending. On August 14, 1986, the district court entered an order pursuant to Fed.R.Civ.P. 54(b) finding that there was no just reason for delay and determining that the summary judgment in the instant action was a final judgment. Plaintiff did not file a new notice of appeal.
 
 
 3
 We consider in this case an issue of first impression in this circuit, whether summary judgment in favor of the defendants in an original action operates as a final judgment when plaintiff's claims against defendants in another action which had been consolidated with the first are still pending. The matter is before us on our own motion, to determine whether this court has jurisdiction over the captioned appeal.
 
 
 4
 The Ninth Circuit has adopted an absolute rule that a judgment in a consolidated action that does not dispose of all claims is not final without a Rule 54(b) certification. See Huene v. United States, 743 F.2d 703 (9th Cir.1984). Two other circuits have held that a judgment in one portion of a consolidated action is final and appealable regardless of the pendency of the other consolidated claims. See In re Massachusetts Helicopter Airlines, Inc., 469 F.2d 439 (1st Cir.1972); Kraft, Inc. v. Local Union 327, Teamsters, 683 F.2d 131 (6th Cir.1982). In contrast, other circuits have looked at the nature of the consolidation and the relationship of the consolidated actions. Ivanov-McPhee v. Washington Nat'l Ins. Co., 719 F.2d 927, 930 (7th Cir.1983); Ringwald v. Harris, 675 F.2d 768, 771 (5th Cir.1982); Jones v. Den Norske Amerikalinje A/S, 451 F.2d 985, 986-87 (3d Cir.1971).
 
 
 5
 We agree with the Ninth Circuit's approach, and adopt the rule that a judgment in a consolidated action that does not dispose of all claims shall not operate as a final, appealable judgment under 28 U.S.C. Sec. 1291. To obtain review of one part of a consolidated action, appellant must obtain certification under Fed.R.Civ.P. 54(b). In this circuit, Rule 54(b) certification must precede filing of the notice of appeal. See A.O. Smith Corp. v. Sims Consolidated Ltd., 647 F.2d 118, 121 (10th Cir.1981); but see Freeman v. Hittle, 747 F.2d 1299, 1301 (9th Cir.1984).
 
 
 6
 Our adoption of any other rule would lead to the same piecemeal review Rule 54(b) seeks to prevent. We reject the flexible approach of considering the nature of the consolidation in each individual case because "it is essential that the point at which a judgment is final be crystal clear because appellate rights depend upon it." Huene, 743 F.2d at 704. Moreover, the flexible approach makes the appellate court the arbiter of the nature and purpose of consolidation, rather than the district court. The district court "is best able to assess the original purpose of the consolidation and whether an interim appeal would frustrate that purpose." Id.
 
 
 7
 We enunciate here a new rule for this circuit, in the context of differing rules in other circuits. Since plaintiff did not file a second notice of appeal following the district court's Rule 54(b) certification, our dismissal of this appeal would result in no hearing for plaintiff on the merits. Retroactive application of this rule thus would work a substantial inequity on the plaintiff. We decline to do so. See Thomas v. Metroflight, Inc., 814 F.2d 1506, 1512 (10th Cir.1987); EEOC v. Gaddis, 733 F.2d 1373, 1376 (10th Cir.1984). Therefore, the district court's entry of summary judgment against plaintiff in the instant case will be considered final on the date it was entered. The plaintiff's timely notice of appeal from the district court's entry of summary judgment therefore confers appellate jurisdiction.
 
 
 8
 The appellant is directed to file his opening brief within thirty days of the date of this opinion.
 
 
 
 *
 The Honorable Earl E. O'Connor, Chief Judge, United States District Court for the District of Kansas, sitting by designation