**Arthur G. HAGEMAN,**
**Plaintiff–Appellant,**

v.

**CITY INVESTING COMPANY and the**
**Home Insurance Company, et al.,**
**Defendants–Appellees.**

**No. 1090, Docket 88–7120.**

United States Court of Appeals,
Second Circuit.

Argued May 19, 1988.

Decided June 29, 1988.

Arthur G. Hageman, New York City, pro se.

Cynthia A. Epstein, New York City (Martin D. Heyert, Kelley Drye & Warren, New

York City, of counsel), for defendants-appellees.

Before LUMBARD, MESKILL and WINTER, Circuit Judges.

MESKILL, Circuit Judge:

Plaintiff-appellant Arthur G. Hageman, *pro se*, brought this appeal in a consolidated action from an order of the United States District Court for the Southern District of New York, Broderick, J., granting in part and denying in part the motion for dismissal and/or summary judgment of defendants-appellees City Investing Co. and the Home Insurance Co., *et al.* We hold that the order, which did not dispose of all of the claims in the consolidated action, is not a final, appealable decision. Considering that there is no certification pursuant to Fed.R.Civ.P. 54(b), we grant defendants' motion to dismiss the appeal for lack of appellate jurisdiction. However, we deny the defendants' request for sanctions, costs and attorney's fees.

## BACKGROUND

On January 4, 1982, Home Insurance Co. (Home) discharged Hageman, who had worked in Home's investment department from May 7, 1973. On December 9, 1983, Hageman filed an action in federal court (83 Civ. 8956) alleging that he was discharged in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* (1982 & Supp. III 1985) (ADEA). Subsequently, on October 25, 1984, plaintiff brought another action in federal court (84 Civ. 7709), alleging eight causes of action against Home and several other defendants, including Donald G. Smith, who was in charge of the investment department at Home from which Hageman was discharged. In the second action, Hageman claimed that by discharging him, the defendants had violated the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* (1982 & Supp. III 1985) (ERISA); 42 U.S.C. §§ 1985(2), 1985(3) and 1986 (1982); and the Fifth and Fourteenth Amendments. Hageman also alleged violations of state law for abusive discharge and breach of an implied contract.

On April 30, 1985, these two actions were consolidated by the United States District Court for the Southern District of New York, Brieant, *C.J.*, and later reassigned to Judge Broderick. Defendants moved for dismissal and/or summary judgment with respect to all of plaintiff's claims. On January 20, 1988, the district court (1) granted defendants' motion for summary judgment with respect to the ADEA claims and dismissed the complaint in 82 Civ. 8956, (2) denied defendants' motion for summary judgment with respect to plaintiff's ERISA claim, (3) granted defendants' motion to dismiss plaintiff's claims under the Fifth and Fourteenth Amendments, 42 U.S.C. §§ 1985(2), 1985(3) and 1986, and state law, and (4) dismissed all of the defendants except Home and Donald Smith. Plaintiff's ERISA claim therefore remains to be tried.

The district court did not direct entry of final judgment with respect to any of the claims that were dismissed, and no Fed.R. Civ.P. 54(b) certification was obtained. Nonetheless, on February 4, 1988, Hageman, *pro se*, filed a notice of appeal from the court's order. On February 11, 1988, the district court issued an order reopening Hageman's first action (83 Civ. 8956), in order to consolidate it with the second pending action. On the same date, defendants advised Hageman by letter that his appeal was premature because there was no final judgment, and threatened to file a motion to dismiss the appeal and have sanctions imposed against Hageman if he did not stipulate to the withdrawal of his appeal.

Hageman did not agree to so stipulate, and defendants then filed a motion before this Court to dismiss the appeal and to impose sanctions against Hageman for his refusal to stipulate to the withdrawal of the appeal.

## DISCUSSION

Under 28 U.S.C. § 1291 (1982), we have jurisdiction to consider appeals "from all final decisions of the district courts of the United States." In an action involving more than one claim for relief, a district

court can direct the entry of a final judgment as to fewer than all of the claims or parties in a case "only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." Fed.R.Civ.P. 54(b). In this case, we must determine whether, in a consolidated action, a judgment that does not dispose of all claims is a final decision within the purview of section 1291 absent certification under Fed.R. Civ.P. 54(b).

We have not previously considered this precise question. Several other circuits have decided it, however, although they have come to differing conclusions. Two circuits have held that a judgment in one portion of a consolidated action is final and appealable, even if other consolidated claims are still pending. *See Kraft, Inc. v. Local Union 327, Teamsters*, 683 F.2d 131, 133 (6th Cir.1982); *In re Massachusetts Helicopter Airlines, Inc.*, 469 F.2d 439, 441–42 (1st Cir.1972). Two other circuits have adopted an absolute rule that a judgment in a consolidated action that does not dispose of all of the claims is not a final, appealable judgment. *See Trinity Broadcasting Corp. v. Eller*, 827 F.2d 673, 675 (10th Cir.1987) (per curiam), *cert. denied*, ___ U.S. ___, 108 S.Ct. 2883, 101 L.Ed.2d 918 (1988); *Huene v. United States*, 743 F.2d 703, 705 (9th Cir.1984). Yet other circuits have adopted a flexible approach, examining the type of consolidation and the relationship between the consolidated actions in order to determine whether the actions could be appealed separately absent Rule 54(b) certification. *See Ivanov–McPhee v. Washington National Insurance Co.*, 719 F.2d 927, 929–30 (7th Cir.1983); *Ringwald v. Harris*, 675 F.2d 768, 771 (5th Cir.1982); *Jones v. Den Norske Amerikalinje A/S*, 451 F.2d 985, 986–87 (3d Cir.1971).

We agree with the Ninth and Tenth Circuits that there are certain benefits to adopting a uniform rule, rather than a more flexible approach. *See Trinity*, 827 F.2d at 675; *Huene*, 743 F.2d at 704–05. For example, we recognize that it is desirable to provide litigants with the clearest possible guidance concerning when a judgment is final so that premature appeals are avoided and opportunities to file timely notices of appeal are preserved. In addition, we agree that a district court is better able than an appellate court to decide whether an interim appeal in a consolidated action is appropriate because the district court is already familiar with the purpose and type of consolidation that is at issue.

On the other hand, we recognize that there are certain advantages to preserving some flexibility in the appellate courts in making finality determinations. Given the infinite array of consolidated actions that can arise, we are somewhat hesitant to adopt an absolute rule that will conclusively bind this Court in all future actions.

■ We conclude that the best way to weigh these competing benefits of an absolute rule and a more flexible approach is to hold that when there is a judgment in a consolidated case that does not dispose of all claims which have been consolidated, there is a strong presumption that the judgment is not appealable absent Rule 54(b) certification. In highly unusual circumstances, a litigant may be able to overcome this presumption and convince us that we should consider the merits of the appeal immediately, rather than waiting for a final judgment.

■ As to the instant case, we conclude that the presumption against appealability is controlling. Although Hageman of course was not aware of the rule we establish today, on the facts in this case we are convinced that he would not have been able to meet the burden necessary to establish appealability. Although Hageman's lawsuits were commenced separately, it appears that they could originally have been brought as one action because the crux of both actions is that he was wrongfully terminated from Home. In addition, Home is a defendant in both actions, and is relying in both actions on the defense that Hageman's discharge was based on poor job performance. Furthermore, there is no indication that the cases were consolidated only for limited purposes. Finally, we do not think that Hageman will be harmed by our refusal to hear his appeal at this time. Although we understand his desire to have

his appeal decided as expeditiously as possible, we do not believe that his personal interest in his action outweighs the public interest in promoting judicial economy by avoiding piecemeal appeals. *Cf. Massachusetts Helicopter*, 469 F.2d at 441. We therefore conclude that we should grant the defendants' motion to dismiss the appeal for lack of appellate jurisdiction.

■ As to defendants' request for sanctions, costs and attorney's fees, we conclude that it should be denied. Given the previously unresolved state of the law in this Circuit concerning the question of appellate jurisdiction in consolidated actions, it would be improper to award sanctions against a party whose appeal raises this issue for the first time.

## CONCLUSION

For the foregoing reasons, we grant defendants' motion to dismiss the appeal for lack of appellate jurisdiction and deny defendants' request for sanctions, costs and attorney's fees.[1]

---

1. Hageman has also filed two other motions in this case that are still pending before this Court: (1) a motion for certification under the laws of the State of New York; and (2) a motion for this Court to accept jurisdiction of this appeal under Fed.R.App.P. 2. In light of our disposition of the appeal, we hereby deny the first motion. In addition, we do not think that this is a case meriting suspension of the Federal Rules of Appellate Procedure, and accordingly, we also deny plaintiff's second motion.