**FEDERAL DEPOSIT INSURANCE CORPORATION, Plaintiff, Appellee,**

v.

**CALEDONIA INVESTMENT CORPORATION, Defendant, Appellant.**

No. 87-2108.

United States Court of Appeals, First Circuit.

Heard Oct. 4, 1988.

Decided Nov. 23, 1988.

TIMBERS, Circuit Judge:

In this foreclosure action appellee Federal Deposit Insurance Corporation ("FDIC"), as successor in interest to Banco de Ahorro, F.S.B. ("lender"), seeks to recover on a note and mortgage issued by the lender to appellant Caledonia Investment Corporation ("appellant"). The United States District Court for the District of Puerto Rico, Hector M. Laffitte, *District Judge,* denied summary judgment for appellant but later granted partial summary judgment in favor of the FDIC, ruling that proper notice of default and acceleration had been sent by the lender to appellant. *FDIC v. Caledonia Investment Corp.,* No. 86–1264 HL, slip op. (D.P.R. May 29, 1987).

On appeal, appellant contends (a) that the notice provisions of the note and mortgage deed were not complied with; (b) that it, rather than the lender, is entitled to summary judgment because notice of default and acceleration was never received; and (c) certain material facts remain in dispute. The FDIC argues that summary judgment in its favor was proper, that the FDIC is not subject to any affirmative defenses, and that, in any event, this Court lacks jurisdiction to entertain the appeal.

For the reasons set forth below, we affirm on the merits. We decline to dismiss for lack of jurisdiction.

## I.

We shall summarize only those facts believed necessary to an understanding of the issues raised on appeal.

The action is for collection of monies alleged to be due on a mortgage deed guaranteeing a $300,000 note executed on September 24, 1980 by the lender and appellant. The note and the mortgage deed contain specific provisions regarding the terms and conditions for default and acceleration of the debt.

On February 16, 1984, the lender mailed to appellant by certified mail a "Notice of Intent to Execute Mortgage or Accelerate

Gabriel I. Penagaricano, San Juan, P.R., for defendant, appellant.

Alberto De Diego, Hato Rey, P.R., with whom John David Ferrer, Santurce, P.R., Rae Schupack, Raul E. Gonzalez Diaz, and Gonzalez, Bennazar & Colorado, Hato Rey, P.R., were on brief, for plaintiff, appellee.

Before COFFIN, Circuit Judge, TIMBERS,* Senior Circuit Judge, and TORRUELLA, Circuit Judge.

* Of the Second Circuit, sitting by designation.

Total Payment of Loan" ("acceleration notice"). The acceleration notice was mailed to appellant's president and resident agent, Alberic Girod Rosello ("Girod"). It stated that appellant was in arrears on its monthly payments of approximately $4,900 each due January and February, 1984. It further stated that if such payments were not received by March 16, 1984, the lender would proceed to declare all sums secured by the mortgage immediately due and payable without further demand and would foreclose the mortgage by judicial process.

Appellant failed to make the payments on or before the March 16, 1984 deadline. On April 17, 1984, appellant delivered to the lender two monthly payments, purportedly covering the payments due January and February, 1984. Thereafter, appellant continued in arrears on its payments and did not send any further money to the lender until July 2, 1984 when it tendered three additional monthly payments.

On July 3, 1984 the lender sent a letter to appellant addressed to Girod, stating that appellant was in arrears on its March through June 1984 payments and that if payment of the entire principal and accrued interest was not received within ten days, the bank would commence an action to collect the money. Appellant failed to tender any further payments to the lender.

The lender commenced an action on August 17, 1984 against appellant and others in the Superior Court of Puerto Rico, Ponce Part, for the collection of the money due and execution of the mortgage guaranteeing the debt. On May 30, 1986, the lender was declared insolvent. The FDIC subsequently accepted appointment as the lender's receiver. The FDIC in its corporate capacity thereafter purchased certain assets of the insolvent lender, including the instant cause of action. Upon the FDIC's motion the action was removed to the United States District Court for the District of Puerto Rico. Appellant subsequently moved for summary judgment which was denied. The FDIC moved for partial summary judgment which was granted by the district court in an opinion and order dated May 29, 1987, holding that notice of default

and acceleration was properly effected by the lender upon appellant. A later motion by appellant for reconsideration was denied.

On appeal, appellant argues that (a) the notice provisions of the note and mortgage deed were not complied with; (b) summary judgment was improper because appellant never received notice of acceleration; (c) there are still genuine issues of material fact regarding the sufficiency of the lender's notice of intent to accelerate the debt; and (d) there is an issue of material fact whether the lender had waived strict compliance with the payment provisions of the contract.

The FDIC argues that (a) the notice provisions were properly complied with; (b) there are no issues of material fact; (c) the FDIC is protected by 12 U.S.C. § 1823(e) (1982) from affirmative defenses based on undisclosed side agreements; and (d) in any event, this Court lacks jurisdiction because the purported appeal is from a non-final order.

## II.

As a threshold matter, we must determine whether we have jurisdiction to entertain this appeal from a partial summary judgment which, as the FDIC indicates, adjudicated fewer than all the claims of fewer than all the parties, absent a Rule 54(b) certificate. The FDIC's claim that we are without jurisdiction to hear this appeal stems from the fact that this action at an earlier date was consolidated with another related action involving two other defendants who were guarantors of the debt.

While the law in this Circuit which takes a "hard-line" view of Rule 54(b) at first blush would seem to compel dismissal of this appeal for want of jurisdiction, *e.g.*, *Spiegel v. Trustees of Tufts College*, 843 F.2d 38, 42–46 (1st Cir.1988); *Pahlavi v. Palandjian*, 744 F.2d 902, 903–05 (1st Cir. 1984), since this is a consolidated action, the jurisdictional question appears to be governed by the specific rule laid down in *In re Massachusetts Helicopter Airlines, Inc.*, 469 F.2d 439 (1st Cir.1972).

In *Massachusetts Helicopter* we held that where cases are consolidated for purposes of convenience and judicial efficiency, the cases retain their separate identity and judgments rendered in each individual action are appealable as final judgments within the meaning of 28 U.S.C. § 1291 (1982), even without the requisite certification under Rule 54(b). *Massachusetts Helicopter, supra,* 469 F.2d at 441–42 (quoting *Johnson v. Manhattan Ry. Co.,* 289 U.S. 479, 496–97). *Accord, Kraft, Inc. v. Local Union 327, Teamsters,* 683 F.2d 131, 133 (6th Cir.1982) (per curiam). While other circuits have declined to adopt this rule, *e.g., Trinity Broadcasting Corp. v. Eller,* 827 F.2d 673, 675 (10th Cir.), *reh'g and reh'g en banc denied,* 835 F.2d 245 (10th Cir.1987), *cert. denied,* 108 S.Ct. 2883 (1988); *Sandwiches, Inc. v. Wendy's Int'l Inc.,* 822 F.2d 707, 709–10 (7th Cir.1987); *Huene v. United States,* 743 F.2d 703, 704–05 (9th Cir.1984), it nonetheless remains the law of this Circuit.

In the instant case, the two guarantors originally were co-defendants but they later were dismissed voluntarily because of improper notice of default. Thereafter, while the original action against appellant was still pending, the FDIC gave proper notice and filed a new complaint against the guarantors. Appellant contends that, because this new case subsequently was consolidated with the instant action as a matter of convenience and judicial efficiency, under *Massachusetts Helicopter* the judgment against it is appealable without a Rule 54(b) certificate.

It is not entirely clear from either the briefs[1] or oral argument that the reason for consolidation was in fact convenience and judicial efficiency. Technically, if appellant is correct that consolidation was solely for this reason, then *Massachusetts Helicopter* would indicate that we do have jurisdiction to entertain the appeal in the

absence of a Rule 54(b) certificate. Since we affirm on the merits, however, we need not decide the jurisdictional issue because the result is the same, assuming appellant's contentions in favor of jurisdiction are correct. *Cf. Norton v. Mathews,* 427 U.S. 524, 532 (1976); *Secretary of the Navy v. Avrech,* 418 U.S. 676, 677–78 (1974) (per curiam); *In re Pioneer Ford Sales, Inc.,* 729 F.2d 27, 31 (1st Cir.1984); *Marquez v. Aviles,* 252 F.2d 715, 718 (1st Cir.), *cert. denied,* 356 U.S. 952 (1958).

### III.

■ Appellant's claims on appeal are based primarily on a number of arguments that can be reduced to the following: First, appellant argued in the district court that the acceleration notice was invalid for failure to comply with the notice requirements in the note and mortgage deed because it was not sent to appellant's mailing address. Second, appellant argues that, even if the acceleration notice is found to be in proper form, it is irrelevant because appellant "cured" its delinquency status after the March 16, 1984 deadline and the lender waived any right to demand strict compliance by accepting payments without protest. Finally, appellant argues that due to such "cure and waiver" any acceleration of the debt must be based on the July 3, 1984 letter from the lender which must comply with the notice provisions of the note and mortgage deed in order to be effective. Since this letter did not comply with the notice requirements, appellant argues, the instant action is premature and summary judgment in favor of the FDIC was improper.

### (A) *Validity of February 16, 1984 Acceleration Notice*

Appellant's first argument was considered, and rejected, by the district court on three separate occasions. We summarize its findings here. Paragraph 14 of the

---

**1.** Appellant failed to address the jurisdictional issue in its original brief and the FDIC, while raising the issue in its brief, did not adequately explain the reason for consolidation. A supplemental brief on the issue of jurisdiction was filed by appellant shortly after oral argument.

mortgage deed provides in part: "[A]ny notice to Borrower provided for in this Mortgage shall be given by mailing such notice by certified mail addressed to Borrower at the Property Address or at such other address as Borrower may designate by notice to Lender as provided herein...." The acceleration notice was sent on February 16, 1984, not to the property address, but to the mailing address of Girod, who is designated as the resident agent for appellant in an amendment to its Certificate of Incorporation dated August 28, 1978.

In its opinion and order dated May 29, 1987, the district court found that it was impossible to send the acceleration notice to appellant's property address because that address was nothing more than an empty lot. "Things or services which are impossible cannot be the object of a contract." P.R. Laws Ann. tit. 31, § 3422 (1968). Since no other address was formally designated by appellant, the acceleration notice and all other previous correspondence were addressed to and received by appellant's president without objection.

The agreement between the parties is silent as to notice under such circumstances. Where the terms of the contract do not provide for a situation that arises, the intentions of the parties prevail. P.R. Laws Ann. tit. 31, § 3473 (1968). One looks to the parties' acts contemporaneous with and subsequent to the contract to determine intent. As stated above, all previous correspondence had been received by appellant at the same address without protest. The decision to send the acceleration notice to this address therefore cannot be said to be either unreasonable or contrary to the parties' intentions. An agreement may be supplemented by reasonable usage provided neither party has reason to know that the other has an intention inconsistent with that usage. Restatement (Second) of Contracts § 221 (1981). Here, no such intention to the contrary appears to have been manifested.

As to the other requirements for proper notice of default and acceleration, Paragraph 18 of the mortgage deed requires that the notice specify:

"(1) the breach; (2) the action required to cure such breach; (3) a date, not less than thirty (30) days from the date the notice is mailed to Borrower, by which such breach must be cured; and (4) that failure to cure such breach on or before the date specified in the notice may result in acceleration of the sums secured by this Mortgage...."

Paragraph 18 further provides: "If the breach is not cured on or before the date specified in the [notice of default and acceleration], Lender at Lender's option may declare all of the sums secured by this Mortgage to be immediately due and payable without further demand and may foreclose this Mortgage by judicial process". The promissory note contains similar, but less detailed, provisions regarding notice of default.

The acceleration notice sent to appellant expressly provided a period of 30 days for appellant to cure the default, which period expired on March 16, 1984.[2] That appellant, through its agent, actually received the acceleration notice is evidenced by the certified mail receipt returned by appellant to the lender. It is uncontroverted that after receipt of this acceleration notice appellant did not send any payments to the lender until April 17, 1984. It is clear that appellant failed to tender payment within the requisite time and that therefore, pursuant to the express terms of the note and mortgage deed, the lender thereafter was entitled to commence a foreclosure action at any time.

In short, it cannot be said that the acceleration notice did not comply with the requirements for proper notice of default and acceleration. In view of the clear and unambiguous language of the acceleration notice, any claim by appellant that an intent to accelerate was not sufficiently manifest is frivolous. By properly executing and

**2.** Actually, appellant had until March 17, 1984 to cure the default since the month of February had only 29 days in 1984. Appellant none- theless did not cure its default within the requisite time period.

delivering the acceleration notice, the lender fulfilled its obligations with respect to demand for payment so that appellant became liable for default on its note. P.R. Laws Ann. tit. 31, § 3017 (1968). The district court properly held the acceleration notice to be fully effective.

### (B) *Purported Cure and Waiver*

■ Appellant argues that it somehow cured its default by tendering payments on April 17 and July 2, 1984 and that therefore the lender could not then accelerate the debt without first giving notice of the overdue monthly payments and another thirty days to cure. As the district court correctly observed in its opinion and order denying appellant's motion for summary judgment, "[Appellant]'s argument puts requirements in the contract which are not there. All the mortgage says is that if the breach is not cured by the given date, the bank may demand all of the debt. It says nothing about time for demand or possible subsequent cure". *FDIC v. Caledonia Investment Corp.*, No. 86–1264 HL, slip op. at 6 (D.P.R. Mar. 3, 1987).

Furthermore, it is unclear whether the two initial defaults ever were cured. By April 17, 1984, appellant was in default for the preceding four months. The two payments made on that date could be credited to any two of those four months. Even assuming the particular breach noticed in February was cured by July, the breach was cured late and the lender's right to accelerate the entire debt remained unaffected.

■ Apparently in an effort to justify its non-compliance with the express and unambiguous terms of the contract regarding notice of default and cure, appellant asserts the defense of waiver. The essence of this defense is that by accepting the late payments the lender waived its right to accelerate the debt. In particular, appellant alleges that (a) the lender had engaged in the custom and practice of accepting late payments from appellant without protest, and (b) the lender had agreed at some undisclosed date that the instant default had been cured and that it would not take any further action or accelerate the debt.

This defense must be rejected. Under 12 U.S.C. § 1823(e) (1982), no agreement which tends to defeat or diminish the interest of the FDIC, in its corporate capacity, in an asset (here, the instant cause of action which was purchased from the lender) is effective unless such agreement

"(1) shall be in writing, (2) shall have been executed by the bank and the person or persons claiming an adverse interest thereunder, including the obligor, contemporaneously with the acquisition of the asset by the bank, (3) shall have been approved by the board of directors of the bank or its loan committee, which approval shall be reflected in the minutes of said board or committee, and (4) shall have been, continuously, from the time of its execution, an official record of the bank".

Agreements not complying with these four requirements are unenforceable against the FDIC. *Langley v. FDIC*, 108 S.Ct. 396, 403 (1987); *FDIC v. Roldan Fonseca*, 795 F.2d 1102, 1107 (1st Cir.1986). The Supreme Court recently reiterated the strong public policy behind § 1823(e) in *Langley*. The Court explained that the two purposes behind the statutory requirements are to

"allow federal and state bank examiners to rely on a bank's records in evaluating the worth of the bank's assets.... [And] ensure mature consideration of unusual loan transactions by senior bank officials, and prevent fraudulent insertion of new terms, with the collusion of bank employees, when a bank appears headed for failure".

*Langley, supra,* 108 S.Ct. at 401. In *Langley*, the Court went so far as to hold that, even if the FDIC *knows* of agreements being entered into before it purchases a bank's assets, such agreements nonetheless are unenforceable against the FDIC unless they are shown to comply with the requirements of § 1823(e). *Id.* at 402–03.

In the instant case, appellant asserts little more than vague, conclusory allegations of prior agreements or understandings.

Even assuming that such agreements did exist, appellant offers no evidence that the four prerequisites to validity set forth in § 1823(e) have been satisfied. Absent such evidence and in view of the strictness with which the § 1823(e) requirements are enforced, these waiver defenses properly were rejected. *Roldan Fonseca, supra,* 795 F.2d at 1106–07; *FDIC v. De Jesus Velez,* 678 F.2d 371, 374–75 (1st Cir.1982).

### (C) *July 3, 1984 Letter*

Finally, appellant vigorously argues that the lender's July 3, 1984 letter to it was a new and invalid notice of default and acceleration. This argument is completely misplaced. As stated above, the acceleration notice of February 1984 was a valid and enforceable notice of default and acceleration. The note and mortgage deed do not require further action following appellant's failure to timely cure a default before an action for collection and foreclosure may be commenced. Furthermore, no waiver or cure is shown to have taken place.

The FDIC maintains that this letter was merely a final gratuitous notice to appellant that if the principal, interest and costs were not paid in 10 days, the lender would exercise its discretionary right under the agreement to commence an action for the money due. Appellant has not refuted the FDIC's position. Proper notice was given and the lender's right to accelerate had vested on March 17, 1984. The letter, sent by the lender's attorney, was nothing more than a "final warning" sent in order to avoid further collection expenses before the commencement of the instant action. Any additional claimed defects in the letter or allegations that the letter was never received are irrelevant to the conclusion that appellant was in default and that summary judgment for the FDIC was correct.

### IV.

To summarize:

We decline to dismiss the appeal for lack of appellate jurisdiction. We affirm the district court's grant of partial summary judgment in favor of the FDIC on the ground that proper notice of default and acceleration was given to appellant. There are no genuine issues of material fact to be resolved and there are no valid defenses against the FDIC.

AFFIRMED.