Lawrence ALBERT, et al.,
Plaintiffs, Appellants,

v.

MAINE CENTRAL RAILROAD COMPANY, et al., Defendants, Appellees.

No. 89–2131.

United States Court of Appeals,
First Circuit.

March 12, 1990.

---

John Paul Curran and John Paul Erler for plaintiffs, appellants.

Ralph I. Lancaster, Jr., Scott T. Maker, and Pierce, Atwood, Scribner, Allen, Smith & Lancaster for defendants, appellees.

Before TORRUELLA, SELYA and COFFIN, Circuit Judges.

PER CURIAM.

In 1987, five separate actions (Nos. 87–0224, 87–0225, 87–0226, 87–0227, 87–0228) were filed in the district court by employees or ex-employees of the three appellees (all railway companies). There were 49 appellants, all of whom alleged that they had suffered hearing losses due to working conditions. On November 4, 1987, the five actions were consolidated for pretrial proceedings.

While consolidation remained in effect, appellees moved for summary judgment. On July 24, 1988, the court allowed the motion as to ten of the appellants. The court entered its order and memorandum on July 29, 1988 and set out, on separate documents, a judgment adverse to each such appellant. Granting the motion disposed entirely of Civil Action No. 87–0225 and that action was dismissed by the district court. The four other actions remained open; after subtracting the plaintiffs who had voluntarily dismissed their claims and after subtracting plaintiffs as to whom summary judgment had been granted, the other claims remained unadjudicated.

On August 18, 1988, the ten summary judgment losers appealed. Soon thereafter, however, their appeals were dismissed with their consent. According to appellees, this was done because the parties concluded that the summary judgments were not "final" and no Fed.R.Civ.P. 54(b) certification had issued.

On April 20, 1989, the district judge severed all appellants' claims because joinder would not have met the standard of Fed.R. Civ.P. 20(a). On October 23, 1989, the remaining cases were dismissed due to settlements in each case. The ten plaintiffs who had previously appealed from the summary judgments refiled their appeal on November 20, 1989 (within 30 days of the dismissal of the remaining cases).

Appellees now move to dismiss this appeal on the ground that it is untimely. They assert that, while the cases were consolidated, an appeal was proper only if the district court entered a Rule 54(b) certificate. Because no such certificate was issued, appellees claim, the time limitation in which to file an appeal was "tolled." But, when the cases were severed in April 1989, the time in which to take an appeal from the summary judgments began anew, expiring on May 20, 1989. As a result, the notice of appeal (filed November 20, 1989), while timely as to the final order of dismissal on October 23, 1989, was in appellees' view untimely as to the earlier summary judgments.

This appeal appears to be governed by First Circuit caselaw, cited by neither party. In *In re Massachusetts Helicopter Airlines, Inc.*, 469 F.2d 439 (1st Cir.1972), this court held that "consolidation" for trial did not merge separate suits into a single action. *Id.* at 441. "[W]here cases are consolidated for purposes of convenience and judicial efficiency, the cases retain their separate identity and judgments rendered in each individual action are appealable as final judgments within the meaning of 28 U.S.C. § 1291 (1982), even without the requisite certification under Rule 54(b)." *Federal Deposit Insurance Corp.*

v. *Caledonia Investment Corp.*, 862 F.2d 378, 381 (1st Cir.1988).

In this situation, it is important to note that one entire "action" was dismissed by the granting of the motion for summary judgment, while other actions remained zoetic. Both *Massachusetts Helicopter* and *Caledonia* are cases in which *all* of the consolidated actions remained pending after the district court disposed of some claims. In that circumstance, the time for appeal did not begin to run until a final judgment was ordered in each case dismissing *all* parties and *all* claims. *Cf. Massachusetts Helicopter*, 469 F.2d at 442; *Caledonia*, 862 F.2d at 381.

Other courts have taken different approaches to this issue. For example, in *Trinity Broadcasting Corp. v. Eller*, 827 F.2d 673, 675 (10th Cir.1987) (*per curiam*), cert. denied, 487 U.S. 1223, 108 S.Ct. 2883, 101 L.Ed.2d 918 (1988), the court held that to appeal a judgment that does not dispose of *all* claims in a consolidated action, a Rule 54(b) certificate is needed. Another court held that where consolidated cases could have been brought as a single action, where they are not consolidated for limited purposes, and where the interests of an appellant will not be harmed, Rule 54(b) applies regardless of whether an action is dismissed as to all claims and all parties. *See Ivanov McPhee v. Washington National Insurance Co.*, 719 F.2d 927, 930 (7th Cir.1983). In *Hageman v. City Investing Co.*, 851 F.2d 69, 71 (2d Cir.1988), the court rejected a case by case approach in favor of a rule that when there is a judgment in a consolidated case that does not dispose of all the claims that had been consolidated, there is a "presumption" that the judgment is not appealable without a Rule 54(b) certification. *Id.* In "highly unusual situations" (not specified by the court) a party may overcome this presumption. *Id.*

Regardless of what other circuits have mandated in this situation, it is clear that under First Circuit law, each of the five suits remained as separate entities even though consolidated. As a result, the appellants in the four cases that remained pending after the Rule 56 motions were granted have filed a timely notice of appeal. After all, until October 23, 1989, none of the judgments therein were final in the sense required to commence the running of the appeal period. *See* Fed.R. Civ.P. 54(b) (order "which adjudicates fewer than all the claims ... of fewer than all the parties" is not final).

A different result obtains as to Civil Action No. 87–0225. The fair implication of our cases is that No. 87–0225, though consolidated, retained its separate identity. The granting of summary judgment as to *all* claims of plaintiffs in that action was, therefore, a final judgment. Those plaintiffs could only appeal therefrom within 30 days of the entry of judgment. Fed.R. App.P. 4(a)(1). They did not do so. Because compliance with that rule is mandatory and jurisdictional, *Kaercher v. Health and Hospitals of Boston*, 834 F.2d 31, 33 (1st Cir.1987) (*per curiam*), their present appeal is ineffectual. The appellants in No. 87–0225 have lost their right to appeal by too readily agreeing with appellees to dismiss their first (timely) notice of appeal.

The motion to dismiss this appeal is granted as to the five appellants who were plaintiffs in No. 87–0225. As for the other appellants, their appeals are timely and may proceed in the ordinary course.

*So Ordered.*