Bill U. BREWER, Marc Caldwell, Joyce Carr, Kirwin Drouet, J. Michael Duncan, M.D., Mark Esposito, Alan Gugenheim, Kevin Guggenheim, Doris Hawk, W. Allyn Hoaglund, Mildred Holeman, Joanna Hoover, Thomas D. Kirker, Michael O'Meara, Carolyn D. Kirker, Charles Nmi Peterson, Walter B. Rae, Joe H. Reynolds, George A. Roberts, W. Paul Thayer, Jack Thompkins, Cathryn V. Tull, Tim Von Kennel, Caron Ann Wilson, Gene D. Wright, Alta Joan Wright, Consolidated–Plaintiffs,

Kirwin Drouet and Jack Thompkins, Consolidated–Plaintiff–Appellants,

TK Holdings, Inc., Mark Valentine, Consolidated–Defendant–Appellees,

Internet Law Library Inc., a Delaware Corporation, Hunter M.A. Carr, Individually, Plaintiff–Counter–Defendant–Appellants,

v.

COOTES DRIVE LLC, Defendant–Counter–Claimant–Appellee,

Southridge Capital Management, LLC, Steve Hicks, Dan Pickett, Christy Constabile, Thomson Kernaghan & Co Ltd, the Citco Group Limited, Defendant–Appellees.

Nos. 03–7827(L), 03–7830(CON).

United States Court of Appeals, Second Circuit.

April 22, 2004.

Thomas I. Sheridan, III, Torys LLP (Ian M. Goldrich), New York, NY, for Appellants, of counsel.

Robert A. Meister, Piper Rudnick, LLP (Perrie M. Weiner, Edward Totino, Caryn G. Mazin, on the brief), New York, NY, for Appellees Cootes Drive LLC, Southridge Capital Management, LLC, Steve Hicks, Dan Pickett, Christy Constabile, David Sims, and Navigator Management Ltd.

Michael J. Dell, Kramer, Levin Naftalis & Frankel LLP (Timothy P. Harkness, Patricia A. Seith, on the brief), New York, NY, for Appellee The Citco Group Limited.

PRESENT: OAKES, WINTER, and CALABRESI, Circuit Judges.

## SUMMARY ORDER

This litigation arose out of a financing agreement entered into in May 2000 by plaintiff-appellant Internet Law Library Inc. (now known as ITIS Holdings, Inc. and referred to herein as "ITIS") and defendant-counter-claimant-appellee Cootes Drive Inc. ("Cootes Drive"). In January 2001, ITIS, its Chief Executive Officer, Hunter M. Carr, and several shareholders filed suit in the U.S. District Court for the Southern District of Texas against Cootes Drive and the above-captioned defendants-appellees, claiming, *inter alia*, fraud and securities violations in connection with the financing agreement. In February 2001, Cootes Drive responded by suing ITIS, Mr. Carr, and several ITIS directors in

the U.S. District Court for the Southern District of New York, alleging breach of the financing agreement and other claims. Finally, in August 2001, a group of ITIS shareholders also filed suit against Cootes Drive and the other defendants-appellees in the Southern District of Texas.

The two actions pending in the Southern District of Texas were transferred to the U.S. District Court for the Southern District of New York. In an April 10, 2002 order, that court (Carter, *J.*) consolidated these two actions with Cootes Drive's action pursuant to Fed.R.Civ.P. 42(a). In this newly consolidated case, Cootes Drive was designated defendant-counter-claimant.

On July 17, 2002, on a motion to dismiss, filed pursuant to Fed.R.Civ.P. 12(b)(6), the district court upheld certain of the plaintiffs' claims, dismissed others, and ordered discovery to proceed. Various discovery disputes ensued, which will not be detailed here. The defendants subsequently filed a motion requesting that the plaintiffs' complaints be dismissed as a discovery sanction. The district court, by order dated July 7, 2003, granted this motion, and judgments to this effect were entered shortly thereafter. Cootes Drives's counterclaims, however, remained pending before the district court. Plaintiffs-appellants now appeal the district court's decision to dismiss their complaints.

Ordinarily, a judgment that dismisses only a complaint, while leaving counter-claims pending, is not a "final judgment" for purposes of 28 U.S.C. § 1291 in the absence of a Fed.R.Civ.P. 54(b) certification. *See Citizens Accord, Inc. v. Town of Rochester*, 235 F.3d 126, 128 (2d Cir.2000) (per curiam). The judgments of dismissal in this case would therefore seem not to be appealable at this time, because Cootes Drive's counterclaims remain pending before the district court and the district court did not make a certification pursuant to Fed.R.Civ.P. 54(b). But, in exceptional situations, our cases have allowed the dismissal of a portion of a *consolidated* case to be appealed immediately, even in the absence of a Fed.R.Civ.P. 54(b) certification.

"[W]hen there is a judgment in a consolidated case that does not dispose of all claims which have been consolidated, there is a strong presumption that the judgment is not appealable absent Rule 54(b) certification. In highly unusual circumstances, a litigant may be able to overcome this presumption and convince us that we should consider the merits of the appeal immediately, rather than waiting for a final judgment."

*Kamerman v. Steinberg*, 891 F.2d 424, 429 (2d Cir.1989) (quoting *Hageman v. City Investing Co.*, 851 F.2d 69, 71 (2d Cir. 1988)).

In the case before us, however, plaintiffs-appellants point to no "highly unusual circumstances" that warrant a departure from the traditional rule against interlocutory appeals. As was the case in *Hageman*, the two plaintiff actions and Cootes Drive's action could easily have been brought, in the first instance, in the context of one case. *See Hageman*, 851 F.2d at 71 (finding no highly unusual circumstances in circumstances where, *inter alia*, the consolidated actions could been brought as one action because their "crux" was the same). Here, the district court consolidated the actions for all purposes and specifically noted that Cootes Drive's claims would qualify as compulsory counterclaims under Fed.R.Civ.P. 13(a). Moreover, in contrast to the situation in *Kamerman*, there is no indication that the district court clearly intended for the dismissals of the complaints to count as "final judgment[s]." *See Kamerman*, 891 F.2d at 430; *see also Duraflex Sales & Service*

*Corp. v. W.H.E. Mechanical Contractors,* 110 F.3d 927, 932 n. 3 (2d Cir.1997) (focusing on this factor in *Kamerman* to distinguish that case). Accordingly, the "strong presumption" against interlocutory appeals recognized by *Kamerman* and *Hageman* is not overcome in the particular circumstances before us.

Because there is no other jurisdictional basis upon which to review the district court's dismissal of the complaints,[1] we DISMISS the appeals for want of jurisdiction.

---

1. Plaintiffs-appellants, in the alternative, request that we treat their notices of appeal as petitions for mandamus. We find, however, that there are no factors present–such as novel and significant questions of law or a lack of alternative remedies–that warrant review by writ of mandamus. *See In re United States,* 903 F.2d 88, 89 (2d Cir.1990) (describing the factors justifying mandamus).