09-4169-cv
Kelly v. City of New York

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 30ᵗʰ day of August, two thousand and ten.

PRESENT:

> RALPH K. WINTER,
> JOSÉ A. CABRANES,
> CHESTER J. STRAUB,
> *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ALBERT KELLY, MICHAEL FLYNN, AJAMA JABARI BEY, WAYNE BOLLIN BEY, NTCHWAIDUMELA BEY, ZAIMAH EL,

*Plaintiffs-Appellants,*

v.                                                                         No. 09-4169-cv

CITY OF NEW YORK, NEW YORK CITY DEPARTMENT OF CORRECTIONS, INSPECTOR GENERAL MICHAEL CARUSO, individually and as Inspector General for the New York City Department of Corrections, NICHOLAS KAISER, individually and as Attorney for the DOC Office of Trials and Litigation, BERNARD B. KERIK, individually and as Commissioner for the New York City Department of Corrections,

*Defendants-Appellees.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR APPELLANTS:**     IRENE DONNA THOMAS, Thomas & Associates, Brooklyn, New York.

**FOR APPELLEE:**     MORDECAI NEWMAN (Larry A. Sonnenshein, *on the brief*), for Michael A. Cardozo, Corporation Counsel of the City of New York, New York, New York.

Appeal from a September 9, 2009 memorandum and order of the United States District Court for the Southern District of New York (Lawrence M. McKenna, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal be **DISMISSED** for lack of appellate jurisdiction.

Plaintiffs-appellants were formerly employed as corrections officers by the New York City Department of Corrections ("DOC"). They are among several individuals who have brought civil actions in the District Court asserting various statutory and constitutional claims arising out of their termination following an investigation of tax-law violations by DOC employees.

Five such actions have been consolidated in the District Court: case number 99 Civ. 3873 is the "lead" case, and case numbers 01 Civ. 8906, 01 Civ. 9406, 04 Civ. 1572, and 04 Civ. 1591 are the "member" cases. This is an appeal of one part of a September 9, 2009 memorandum and order of the District Court in which the Court granted summary judgment to defendants with respect to each of the claims asserted in case number 04 Civ. 1572.[1] Summary judgment was proper, the Court held, because the claims asserted in case number 04 Civ. 1572 were time-barred. Plaintiffs-appellants brought this appeal arguing that the District Court erred in granting summary judgment to defendants.

The appeal must be dismissed. In *Hageman v. City Investing Co.*, 851 F.2d 69, 71 (2d Cir. 1988), we held that "when there is a judgment in a consolidated case that does not dispose of all claims which have been consolidated, there is a strong presumption that the judgment is not appealable absent . . . certification" under Federal Rule of Civil Procedure 54(b).[2] It is only in "highly unusual circumstances," we explained, that a "litigant may be able to overcome this presumption and convince us that we should consider the merits of the appeal immediately, rather than waiting for a final judgment." *Id.*

The circumstances of this appeal are not "highly unusual" within the contemplation of our decision in *Hageman*. As plaintiffs-appellants have themselves explained, case number 04 Civ. 1572, the subject of this appeal, is in many ways "identical" to case number 01 Civ. 8906, one of the

---

[1] The District Court referred to case number 04 Civ. 1572 as the "*Kelly II*" action.

[2] Plaintiffs-appellants did not seek Rule 54(b) certification in the District Court.

2

consolidated actions that are ongoing in the District Court. *See* Pls.' Mot. to Consolidate ¶¶ 3-4 (Jan. 8, 2007), *Kelly v. City of N.Y.*, No. 04 Civ. 1572 (docket entry no. 6) (arguing that case number 04 Civ. 1572 should be consolidated with case number 01 Civ. 8906 because, among other things, (1) "[t]he plaintiffs in both actions are identical, (2) "[t]he defendants in both actions, with one exception . . . , are identical," (3) "[i]n both actions, the underlying facts are identical," and (4) "[t]he plaintiffs [in both actions] are represented by the same counsel").

This is not, furthermore, a situation in which "the district court clearly intended final judgment to be entered." *Kamerman v. Steinberg*, 891 F.2d 424, 429-30 (2d Cir. 1989). Nor is this a situation in which "the case on appeal is the only one of the consolidated cases that presents" a certain type of claim, *id.*, as the claims asserted in case number 04 Civ. 1572 are in large measure the same as the claims asserted in case number 01 Civ. 8906, *see* Special App. 22-23.[3]

Plaintiffs-appellants have not, therefore, overcome the "strong presumption" against our hearing the merits of this appeal before a final judgment on all claims in all consolidated actions. *Hageman*, 851 F.2d at 71. As a result, we must "dismiss the appeal for lack of appellate jurisdiction." *Id.* at 72.

## CONCLUSION

For the foregoing reasons, this appeal is **DISMISSED** for lack of appellate jurisdiction.

FOR THE COURT,

Catherine O'Hagan Wolfe, Clerk of Court

---

[3] In particular, the due process claims asserted in case number 04 Civ. 1572 were also asserted (and defeated on other grounds) in case number 01 Civ. 8906.

3