14-3828(L)
*Rodriguez v. Anderson*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 9th day of December, two thousand fifteen.

Present:     ROBERT A. KATZMANN,
                    *Chief Judge*,
                RALPH K. WINTER,
                JOHN M. WALKER, JR.,
                    *Circuit Judges*.

_____

JENNIFER RODRIGUEZ,

        *Plaintiff-Appellant-Cross-Appellee*,

P.A., JR., an infant minor,

        *Plaintiff-Cross-Appellee*,

        - v -                                          Nos. 14-3828(L),
                                                            14-3830, 14-3863 (CON)

CARLENE ANDERSON, individually and
in her capacity as a Case Worker for St.
Vincent's Services, Inc., and ZOILA
VILLALTA, individually and in her
capacity as a Supervisor of Case Workers
for St. Vincent's Services, Inc.,

        *Defendants-Appellees-Cross Appellants*,

St. Vincent's Services, Inc.,

1

Defendant-Appellee,

NATALIA ROSADO, individually and in her capacity as a Child Protective Specialist for Administration for Children's Services, and ROBERT SALEMI, individually and in his capacity as a Supervisor of Child Protective Specialist for Administration for Children's Services,

*Defendants-Appellees-Cross-Appellants*,

DEBORAH PRIDE and ROSA SOSA, each individually and in their capacities as Child Protective Specialists for the Administration for Children's Services,

*Defendants-Cross-Appellants*,

NEW YORK CITY ADMINISTRATION FOR CHILDREN'S SERVICES, CITY OF NEW YORK, ZANETTE SARGEANT, individually and in her capacity as a Child Evaluation Specialist for Administration for Children's Services, and JOHN MATTINGLY, individually and in his capacity as Commissioner of Administration for Children's Services,

*Defendants-Appellants*.[*]

| | |
|---|---|
| For Plaintiff-Appellant-Cross-Appellee Jennifer Rodriguez: | ROBERT OSUNA, New York, NY. |
| For Plaintiff-Cross-Appellee P.A., Jr.: | PATRICK G. RIDEOUT (Jonathan J. Lerner, Robert A. Fumerton, *on the brief*), Skadden, Arps, Slate, Meagher & Flom LLP, New York, NY. |
| For Defendants-Appellees-Cross-Appellants Carlene Anderson and Zoila Villalta, and Defendant-Appellee St. Vincent's Services, Inc.: | CHARLES E. O'BRYAN (lead appeal) and RICHARD IMBROGNO (cross appeal), Marshall, Dennehey, Warner, Coleman & Goggin, New York, NY. |
| For Defendants-Appellees-Cross- | DAVID H. SCHULTZ (Suzanne M. Halbardier, *on the brief*), |

---

[*] The Clerk of the Court is directed to amend the caption to conform to the above.

2

| Appellants Natalia Rosado and Robert Salemi, Defendants-Cross-Appellants Deborah Pride and Rosa Sosa, and Defendants-Appellants New York City Administration for Children's Services, City of New York, Zanette Sargeant, and John Mattingly. | Barry, McTiernan & Moore LLC, New York, NY. |
| --- | --- |

Appeal from the United States District Court for the Eastern District of New York (Gleeson, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,** and **DECREED** that these appeals are **DISMISSED**.

These appeals arise out of the tragic disappearance of seven-year-old P.A., Jr. ("PA"). P.A. was removed from his family's care on December 29, 2009, by the New York City Administration for Children's Services ("ACS") and placed in a foster home supervised by St. Vincent's Services, Inc. ("St. Vincent's") the following day. He ran away from his foster home on January 22, 2010, and has not been seen since.

After P.A. ran away, his mother, Jennifer Rodriguez, on behalf of herself and P.A., sued the City of New York, ACS, St. Vincent's, and various ACS and St. Vincent's employees in their individual and official capacities. She alleged that the defendants deprived her and her son of their constitutional rights by improperly removing P.A. to foster care and by failing to safeguard him after that point. P.A.'s father, Patrick Alford, Sr., brought similar claims on behalf of himself, his son, and his other daughter with Rodriguez. With the help of his appointed *pro bono* counsel and guardian ad litem, P.A. also brought federal and state claims on his own behalf. The district court then dismissed Rodriguez and Alford's claims on P.A.'s behalf for lack of standing.

All parties eventually moved for summary judgment on at least some of the claims. In a memorandum and order issued on September 11, 2014, the district court dismissed all of

Rodriguez's claims, three of P.A.'s claims, and deferred making a decision on Alford's claims pending further factual findings. The district court also denied the individual defendants' motions for summary judgment on qualified immunity grounds on all but two of P.A.'s claims.

Rodriguez appealed the grant of summary judgment on three of her claims. The individual defendants cross-appealed the court's denial of their motions for summary judgment on PA.'s claims, asserting that they are entitled to qualified immunity.

Carlene Anderson, the case worker responsible for P.A. during his time in foster care, and Zoila Villalta, Anderson's supervisor, are hereinafter referred to as the "St. Vincent's Defendants." Natalia Rosado, the ACS Child Protective Specialist assigned to P.A.'s case, her supervisor, Robert Salemi, and two other Child Protective Specialists involved in removing P.A. from his family's care, Deborah Pride and Rosa Sosa, are referred to as the "City Defendants."

## I.      RODRIGUEZ'S APPEAL

As a threshold matter, we must determine if we have jurisdiction to hear this case. "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (quoting *Ex parte McCardle*, 7 Wall. 506, 514 (1868)).

We conclude that we do not have jurisdiction to hear Rodriguez's appeal at this time. "The historic rule in the federal courts has always prohibited piecemeal disposal of litigation and permitted appeals only from final judgments." Fed. R. Civ. P. 54 (advisory committee's note to 1946 amendment). Nonetheless, under Rule 54(b), a district court can determine, in its discretion, if an immediate appeal is warranted in the interests of justice by issuing a certification along with an explanation for its determination. *See, e.g.*, *Harriscom Svenska AB v. Harris*

4

*Corp.*, 947 F.2d 627, 629 (2d Cir. 1991). "But the exercise of this discretion must follow the procedures set out by the Rule, and the requirement of an express determination that there is no just reason for delay has not been taken lightly by this Circuit." *HBE Leasing Corp. v. Frank*, 48 F.3d 623, 631 (2d Cir. 1995).

This Court has held that it is possible to have jurisdiction over a non-final order even when the district court did not formally enter a Rule 54(b) certification:

> [W]hen there is a judgment in a consolidated case that does not dispose of all claims which have been consolidated, there is a strong presumption that the judgment is not appealable absent Rule 54(b) certification. In *highly unusual circumstances*, a litigant may be able to overcome this presumption and convince us that we should consider the merits of the appeal immediately, rather than waiting for a final judgment.

*Hageman v. City Investing Co.*, 851 F.2d 69, 71 (2d Cir. 1988) (emphasis added). But the exception identified in *Hageman* has been restricted to "highly unusual circumstances," for example, where the district court "clearly intended" to enter a final judgment but inadvertently failed to do so. *See, e.g.*, *Kamerman v. Steinberg*, 891 F.2d 424, 429–30 (2d Cir. 1989).

The parties do not point to any such "highly unusual circumstances" in this case. P.A. notes that he "twice requested that the District Court enter final judgment" on two of his claims, but that he was "unsuccessful." Brief for P.A., Jr. at 23. Rodriguez never sought Rule 54(b) certification, and she does not identify any evidence that the district court intended to but inadvertently failed to certify its order for immediate review. Indeed, it is clear from that order that the district court anticipated that trial would go forward on P.A.'s claims, and the court scheduled a trial date during the follow-up status conference. The district court also deferred judgment on Alford's claims, most of which are duplicative of Rodriguez's. "[W]e have repeatedly noted that the district court generally should not grant a Rule 54(b) certification 'if the

5

same or closely related issues remain to be litigated.'" *Novick v. AXA Network, LLC*, 642 F.3d 304, 311 (2d Cir. 2011) (quoting *Harriscom*, 947 F.2d at 629).

Accordingly, Rodriguez's appeal is dismissed. Rodriguez may file a motion in the district court requesting Rule 54(b) certification in order to reinstate her appeal, but we note that the district court is under no obligation to grant her request. *Cf. Citizens Accord, Inc. v. Town of Rochester*, 235 F.3d 126, 128 (2d Cir. 2000) ("[W]e do not mean to suggest that such a certification would have been appropriate in this case. Respect for the 'historic federal policy against piecemeal appeals' requires that a Rule 54(b) certification not be granted routinely." (quoting *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980))).

## II.      DEFENDANTS' CROSS-APPEALS

Although the district court's order was likewise not final with respect to P.A.'s claims, the individual City and St. Vincent's Defendants contend that this Court has jurisdiction to hear their cross-appeals of the district court's denial of qualified immunity under the collateral order doctrine. "It is well-settled that a decision denying a defendant the defense of qualified immunity satisfies the collateral order doctrine 'to the extent that it turns on an issue of law . . . notwithstanding the absence of a final judgment.'" *Coollick v. Hughes*, 699 F.3d 211, 217 (2d Cir. 2012) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985)). "The principal justification for allowing such appeals is that '[t]he entitlement is an *immunity from suit* rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial.'" *Bolmer v. Oliveira*, 594 F.3d 134, 140 (2d Cir. 2010) (quoting *Puerto Rico Aqueduct & Sewer Auth v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993)).

Our jurisdiction under the collateral order rule is limited, however:

Where a court's denial of summary judgment is based on a determination that certain factual findings are essential to resolving the qualified immunity question,

6

the denial is not reviewable under the collateral order doctrine. This Court can, nonetheless, review a denial of qualified immunity to the extent it can be resolved on stipulated facts, or on the facts that the plaintiff alleges are true, or on the facts favorable to the plaintiff that the trial judge concluded the jury might find.

*Coollick*, 699 F.3d at 219 (citations, alterations, and internal quotation marks omitted).

On appeal, the defendants raise several different arguments to support their claim that the district court erred in not granting them qualified immunity. First, the City Defendants contend that because P.A. did not have a "clearly established right" to be placed in or transferred to kinship foster care or in a "linguistically compatible foster home," they are entitled to qualified immunity as a matter of law on P.A.'s second, third, and fourth claims. The City Defendants also argue that they were not personally responsible for P.A.'s placement in foster care, and therefore cannot be held liable under §1983. Separately, the St. Vincent's Defendants assert that qualified immunity is appropriate because their conduct was "objectively reasonable."

As noted, this Court only has jurisdiction under the collateral order doctrine to hear interlocutory appeals involving "neat abstract issues of law." *Johnson v. Jones*, 515 U.S. 304, 317 (1995) (quoting 5A C. Wright, A. Miller, & E. Cooper, *Federal Practice and Procedure* § 3914.10, 664 (1992)); *see, e.g.*, *Tolbert v. Queens Coll.*, 164 F.3d 132, 138 (2d Cir. 1999) ("Where, however, the district court has denied summary judgment because resolution of the immunity defense requires the adjudication of issues of fact that are inseparable from the merits, the denial is not immediately appealable."). Because the district court explicitly found that disputed issues of material fact preclude resolution of the immunity defense, *see P.A. v. City of New York*, 44 F. Supp. 3d 287, 306, 309–10 (E.D.N.Y. 2014), we do not have jurisdiction to consider the defendants' cross-appeals. To the extent that the City Defendants contend that they are entitled to qualified immunity as a matter of law because P.A. did not allege a violation of any "clearly established right," we find that this argument was not fairly raised below. *See P.A.*,

7

44 F. Supp. 3d at 309 n.14. "In general, 'a federal appellate court does not consider an issue not passed upon below.'" *Booking v. Gen. Star Mgmt. Co.*, 254 F.3d 414, 418 (2d Cir. 2001) (quoting *Singleton v. Wulff*, 428 U.S. 106, 120 (1976)).

Accordingly, for the foregoing reasons, these appeals are **DISMISSED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK