Houbigant v. IMG Fragrance

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

_____

August Term, 2010

(Submitted: December 9, 2010                    Decided: December 20, 2010)

Docket No. 10-361-cv
_____

HOUBIGANT, INCORPORATED, ETABLISSEMENT HOUBIGANT,

*Plaintiff-Appellants*,

-v-

IMG FRAGRANCE BRANDS, LLC, PATRIARCH PARTNERS, LLC,

*Defendant-Appellees*.

_____

Before: POOLER, B.D. PARKER, and WESLEY, *Circuit Judges*.

Appeal from an order of the United States District Court for the Southern District of New York (Preska, *Ch. J.*) dismissing one of two consolidated cases, the other of which is still pending before the district court. We hold that the district court's order is a nonfinal judgment that is not independently appealable. Although the district court directed the Clerk of the Court to "close" the dismissed case, the district court also instructed that the dismissal was not to affect, inter alia, pending motions in the case with which the dismissed action was consolidated. Further, the district court did not direct entry of final judgment under Federal Rule of Civil Procedure 54(b), which would have vested appellate jurisdiction in this Court, nor did the district court even reference Rule 54(b) in its Order. Accordingly, we dismiss the appeal for lack of jurisdiction.

DISMISSED.

JOHN WILLIAM SCHRYBER, Dickstein Shapiro LLP,
Washington, DC, *for Plaintiff-Appellants*.

GEORGE M. MAHFOOD, Broad and Cassel, Miami, FL,
CHARLES A. MICHAEL, Brune & Richard LLP, New York, NY,
*for Defendant-Appellees*.

PER CURIAM:

Appellants appeal from a judgment of the district court (Preska, *Ch. J.*) dismissing one of two cases that were consolidated for all purposes. *See Houbigant, Inc. v. IMG Fragrance Brands, LLC*, No. 09 Civ. 839, 2009 WL 5102791 (S.D.N.Y. Dec. 18, 2009) (dismissing Case No. 09 Civ. 839). As we explained in *Hageman v. City Investing Co.*, 851 F.2d 69, 71 (2d Cir. 1988), "when there is a judgment in a consolidated case that does not dispose of all claims which have been consolidated, there is a strong presumption that the judgment is not appealable absent Rule 54(b) certification." Federal Rule of Civil Procedure 54(b) permits a district court to "direct entry of a final judgment as to one or more, but fewer than all, claims or parties" upon a finding that "there is no just reason for delay." Rule 54(b) certification vests appellate jurisdiction in this Court even though the judgment entered by the district court otherwise would be nonfinal.

Although one of the two consolidated cases is still pending, Appellants argue that the order dismissing the complaint in Case No. 09 Civ. 839 should be deemed a final order subject to our appellate jurisdiction under 28 U.S.C. § 1291, because this case falls under one of the exceptions articulated in *Vona v. Cnty. of Niagara*, 119 F.3d 201 (2d Cir. 1997), or *Smith v. Half Hollow Hills Cent. Sch. Dist.*, 298 F.3d 168 (2d Cir. 2002). We disagree.

In *Smith*, we explained that "a premature notice of appeal from a nonfinal order may ripen

2

into a valid notice of appeal if a final judgment has been entered by the time the appeal is heard and the appellee suffers no prejudice." 298 F.3d at 172 (internal quotation marks and citation omitted). On the facts of that case, we held that "[w]e need not determine whether the district court's reasons for granting partial judgment . . . were sufficiently obvious to avoid Rule 54(b)'s requirement of a reasoned explanation because . . . the dismissal of [Appellant]'s remaining claim after the partial judgment was filed cured any jurisdictional infirmity." *Id.* at 171. Here, one of the two consolidated cases is still pending before the district court, and therefore, the principle announced in *Smith* is inapplicable.

*Vona* is similarly distinguishable. In that case, the parties appealed from a judgment of the district court granting a motion to dismiss fewer than all of the claims at issue in that case. 119 F.3d at 205. At the end of the decretal portion of the district court's opinion in *Smith*, the court directed that final judgment be entered in favor of all defendants, expressly referencing Rule 54(b). *Id.* Although the district court did not enter a finding that there was "no just reason for delay," as required by Rule 54(b), we concluded that there was a final appealable judgment based upon the totality of circumstances: the court's entry of judgment, reference to Rule 54(b), and the fact that the case was marked "closed," which we presumed to be at the behest of the district court. *See id.* at 205-06. Thus, it was clear to us in *Vona* that the district court intended to take no further action in adjudicating the case.

By contrast, the district court here is still actively engaged in resolving the remainder of the consolidated action. Although the district court instructed the Clerk of Court to mark the case "closed," the district court also made clear that the dismissal of Case No. 09 Civ. 839 was to have no effect on either of the pending related actions, one of which has been consolidated with

3

the case *sub judice*. Moreover, the district court's Order makes no reference to Rule 54(b). Coupled with the fact that the pending and dismissed actions overlap in potentially significant ways, and that resolution of the pending action could moot the central issue in this appeal, we are unable to conclude that the district court's decision is a final judgment subject to the appellate jurisdiction of this Court. It would be improvident to interject appellate review into a case where the district court is still actively engaged in decisionmaking.

We have considered Appellants' remaining arguments, including their argument that this case presents "highly unusual circumstances" under *Hageman*, 851 F.2d at 71, and find them to be without merit.

### CONCLUSION

For the foregoing reasons, we DISMISS the appeal.