12-4523-cv
Gullo v. City of New York

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of October, two thousand thirteen.

PRESENT:  REENA RAGGI,
          CHRISTOPHER F. DRONEY,
                    *Circuit Judges*,
          JOHN F. KEENAN,
                    *District Judge.**
------------------------------------------------------------------------
RICHARD GULLO, SUSAN GULLO, FRANKIE TORRES, FRANCISCO TORRES, JR., JUSTIN KUHL, RICHARD KEARNS,
                    *Plaintiffs-Appellants*,


              v.                                    No. 12-4523-cv


CITY OF NEW YORK, P.O.S JOHN DOE 1 THROUGH 10, individually, in their official capacities (the name John Doe being fictitious, as the true names are presently unknown),
                    *Defendants-Appellees*.
------------------------------------------------------------------------

---

* The Honorable John F. Keenan, of the United States District Court for the Southern District of New York, sitting by designation.

APPEARING FOR APPELLANTS:    JON L. NORINSBERG, ESQ. (Ephrem J. Wertenteil, Esq., *on the brief*), New York, New York.

APPEARING FOR APPELLEES:    KATHY H. CHANG (Larry A. Sonnenshein, *on the brief*), Of Counsel, *for* Michael A. Cardozo, Corporation Counsel of the City of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Barbara S. Jones, *Judge*; Debra C. Freeman, *Magistrate Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on November 19, 2012,[1] is AFFIRMED.

Plaintiffs Richard Gullo, Susan Gullo, Frankie Torres, Francisco Torres, Jr., Justin Kuhl, and Richard Kearns sued the City of New York and unnamed John Doe police officers under 42 U.S.C. § 1983 and state law for false arrest, excessive force, and malicious prosecution. Having dismissed their municipal liability claim with prejudice, and stipulated to the dismissal of their complaint against the John Doe defendants, plaintiffs now appeal the denial of their motion for leave to amend the complaint to name the John Doe defendants. We review the denial of a motion to amend for abuse of discretion. See City of New York v. Grp. Health Inc., 649 F.3d 151, 156 (2d Cir. 2011).

---

[1] Although plaintiffs filed their notice of appeal before a final judgment was entered, "a premature notice of appeal from a nonfinal order may ripen into a valid notice of appeal if a final judgment has been entered by the time the appeal is heard and the appellee suffers no prejudice." Houbigant, Inc. v. IMG Fragrance Brands, LLC, 627 F.3d 497, 498 (2d Cir. 2010) (internal quotation marks omitted). Here, a final judgment was entered on November 16, 2012, less than two weeks after plaintiffs filed their notice of appeal, and defendants do not claim prejudice. Thus, we may properly exercise appellate jurisdiction over plaintiffs' claims. See 28 U.S.C. § 1291.

We assume the parties' familiarity with the underlying facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

"Where a scheduling order has been entered, the lenient standard under Rule 15(a), which provides leave to amend 'shall be freely given,' must be balanced against the requirement under Rule 16(b) that the Court's scheduling order 'shall not be modified except upon a showing of good cause.'" Grochowski v. Phoenix Constr., 318 F.3d 80, 86 (2d Cir. 2003) (quoting Fed. R. Civ. P. 15 and 16). The May 31, 2011 scheduling order in this case directed that "[a]ny motions to amend the pleadings or for joinder of any parties shall be served and filed no later than August 5, 2011." App. 26. Plaintiffs admit that on the same day, i.e., May 31, 2011, the City provided them with the names of the officers who were involved in the August 30, 2008 incident. Nevertheless, plaintiffs waited over three months, until September 12, 2012, to seek leave to amend their complaint to name those officers as defendants. Plaintiffs reference ongoing settlement discussions to excuse the delay, maintaining "no willful intent to delay and no pattern of neglect." Appellants' Br. 11. The district court acted well within its discretion in concluding that plaintiffs' three-month failure to move for amendment after learning the officers' names failed to demonstrate the diligence necessary to satisfy Rule 16. See Parker v. Columbia Pictures Indus., 204 F.3d 326, 340 (2d Cir. 2000) (holding that under Rule 16 "a finding of good cause depends on the diligence of the moving party" (internal quotation marks omitted)).

3

The cases on which plaintiffs rely warrant no different conclusion.    In Enzymotec Ltd. v. NBTY, Inc., 754 F. Supp. 2d 527, 537 (E.D.N.Y. 2010), "delayed discovery and settlement negotiations deferred [plaintiffs'] ability to discover the facts supporting the cause of action."   Here, plaintiffs knew the facts relevant to amendment, the John Doe officers' names, from defendants' initial disclosures received the date the scheduling order was issued.    Further, because plaintiffs have not once alleged that they were "unreachable," this case is not akin to Huber v. Nat'l R.R. Passenger Corp., No. 10 Civ. 09348(ALC)(DF), 2012 WL 6082385, at *3 (S.D.N.Y. Dec. 4, 2012) (finding good cause based on, inter alia, counsel's inability to contact client).

Plaintiffs nonetheless urge that because defendants would not be prejudiced by the untimely amendment, the district court erred in its good cause determination.   See Kassner v. 2nd Ave. Delicatassen Inc., 496 F.3d 229, 244 (2d Cir. 2007) (recognizing that district court, in exercise of its Rule 16(b) discretion, "may consider other relevant factors including, in particular, whether allowing the amendment of the pleading at this stage of the litigation will prejudice defendants").   We are not persuaded.   That defendants suffered no prejudice does not change the fact that plaintiffs failed to pursue amendment with diligence.   Moreover, both the magistrate judge and the district court did here consider prejudice and concluded that (1) defendants would be prejudiced by the amendment; and (2) even if they were not, the absence of prejudice alone does not constitute good cause under Rule 16.

4

Finally, given plaintiffs' lack of diligence, we are not persuaded that the district court denied leave to amend based on unwarranted "zeal for a tidy calendar." Outley v. New York, 837 F.2d 587, 589 (2d Cir. 1988) (internal quotation marks omitted). Nor does the record indicate that the district court's denial of leave to amend equated to the dismissal of plaintiffs' case as a sanction. Rather, the district court properly found that plaintiffs failed to demonstrate good cause based on their lack of diligence. See Grochowski v. Phoenix Constr., 318 F.3d at 86.

In sum, because the district court correctly applied the law and committed no error—much less clear error—of fact, we cannot conclude that its denial of leave to amend "cannot be located within the range of permissible decisions." CARGO GROUP, Inc. v. Maconachy, 718 F.3d 72, 79 (2d Cir. 2013) (internal quotation marks omitted). Accordingly, we reject the appeal of this decision as meritless.[2]

We have considered plaintiffs' remaining arguments and conclude that they too are without merit. We therefore AFFIRM the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

---

[2] Because we conclude that plaintiffs fail to show good cause for their dilatory filing, we need not address their argument regarding whether the proposed amendment related back to their original complaint under Fed. R. Civ. P. 15(c)(1).

5