18-189-cv
*Genomma Lab v. Carruitero*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

**At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of March, two thousand nineteen.**

PRESENT:
> ROBERT A. KATZMANN,
> *Chief Judge*,
> PETER W. HALL,
> GERARD E. LYNCH,
> *Circuit Judges.*

_____

GENOMMA LAB USA, INC.,

> *Plaintiff-Appellant*,

> v.                                                     No. 18-189-cv

CARLOS CARRUITERO, PRESTIGE UNIVERSAL
MEDIA LLC, ALEJANDRA MARIA ORREGO
OSORIO, FLOR ALBA OSORIO, VENUS
AMERICA CORP., DOES 1-50, XYZ CORPS.
1-50,

> *Defendants-Appellees*.

_____

| | |
|---|---|
| For Plaintiff-Appellant: | JOSHUA B. KATZ (Jack A. Gordon, *on the brief*), Kent, Beatty & Gordon, LLP, New York, NY. |

1

For Defendants-Appellees:                          NICOLE HAFF (Roger Juan Maldonado, *on the brief*), Smith, Gambrell & Russell, LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Daniels, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED** for lack of appellate jurisdiction.

Genomma Lab USA, Inc. ("Genomma") appeals from a judgment of the United States District Court for the Southern District of New York, entered August 25, 2017 in favor of Alejandra Maria Orrego Osorio ("Orrego") and her mother, Flor Alba Osorio ("Osorio") (collectively, "defendants-appellees"), dismissing Genomma's claims against defendants-appellees as legally insufficient under Federal Rule Civil Procedure 12(b)(6). As relevant herein, the district court also found that Genomma's claims against three other defendants—Venus America Corp. ("Venus"), Carlos Carruitero, and Prestige Media LLC ("Prestige")—were legally sufficient, but dismissed them without prejudice to Genomma's ability to replead them in an underlying action against Venus also pending on the court's docket (the "First Action").[1] We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

When an order is entered that does not dispose of all the claims in an action, there is no final judgment as required for appellate jurisdiction under 28 U.S.C. § 1291, and an immediate appeal may not be taken unless the district court issues a Rule 54(b) certification." *See Hageman v. City Investing Co.*, 851 F.2d 69, 71 (2d Cir. 1988) ("[W]hen there is a judgment in a

---

[1] They have, in fact, subsequently brought these claims in the First Action.

consolidated case that does not dispose of all claims which have been consolidated, there is a strong presumption that the judgment is not appealable absent a Rule 54(b) certification.").[2] Before certifying a judgment, district courts are required to expressly determine that there are "no just reasons for delay." *See* Fed. R. Civ. P. 54(b) (providing that "[w]hen an action presents more than one claim for relief . . . the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay"). "It has long been settled that the district court's [Rule 54(b)] determination is not conclusive, but is reviewable by the court of appeals for abuse of discretion." *Brunswick Corp. v. Sheridan*, 582 F.2d 175, 183 (2d Cir. 1978).

As the district court here dismissed all of Genomma's claims in Genomma's follow-on action, directing Genomma to re-file some of them in an earlier filed case, Genomma argues that the judgment in favor of Orrego and Osorio is a final appealable order. *See Wynder v. McMahon*, 360 F.3d 73, 76 (2d Cir. 2004) ("[A] dismissal without prejudice that does not give leave to amend and closes the case is a final, appealable order under 28 U.S.C. 1291."). On Genomma's reading, it is of no moment that Genomma's claims against Carruitero, Prestige, and Venus are proceeding in the First Action.

But Genomma's interpretation of the district court's order elevates form over substance in an area where we have traditionally looked past form to consider the intentions of the district court. *See Bankers Trust Co. v. Mallis*, 435 U.S. 381, 385 n.6 (1978) (per curiam) (noting that whether an order set forth in a separate document and entered in the docket is a final judgment

---

[2] The Supreme Court outlined one exception to this general rule in *Hall v. Hall*, 138 S. Ct. 1118, 1131 (2018) (holding that when one of multiple cases consolidated under Fed. R. Civ. P. 42(a) is finally decided, that decision confers upon the losing party the immediate right to appeal, regardless of whether any of the other consolidated cases remain pending).

depends on "whether the district court intended the judgment to represent the final decision in the case"); *Vona v. Cty. of Niagara*, 119 F.3d 201, 206 (2d Cir. 1997) (considering a judgment final where "it is clear that the court so intended it"); *Houbigant, Inc. v. IMG Fragrance Brands, LLC*, 627 F.3d 497, 498-99 (2d Cir. 2010) (per curiam) (looking past the fact that the district court marked the case "closed" and determining that the district court's actions suggest it is still "actively engaged in decision making"). Here, the district court indicated that its dismissal of Genomma's claims against Osorio and Orrego was not final. Therefore, we conclude that any appeal by Genomma of those claims should be brought following a final judgment in the underlying case.

First, the district court cited Fed. R. Civ. P. 42(a) in connection with its language directing Genomma to "reassert" its claims against Venus, Carruitero, and Prestige in the First Action. Special App. at 119 n.6 (quoting *Devlin v. Transp. Commc'ns Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999), for the proposition that "[t]he proper solution to the problems created by the existence of two or more cases involving the same parties and issues, simultaneously pending in the same court would be to consolidate them under Rule 42(a) of the Federal Rules of Civil Procedure"). Thus, unlike in Hall, there has not yet been a separate "verdict, judgment, or decree," 138 S. Ct. at 1128, as to all of the claims brought in the Second Action. Some of those claims were allowed to go forward by the district court's ruling and continue to be litigated in the First Action—just as if dismissal of those claims had been denied, and the remaining claims in the Second Action had then been consolidated with the First Action pursuant to Rule 42(a). But for the merger of these claims into the First Action, Genomma's claims against Carruitero, Venus, and Prestige would have continued in the Second Action, such that a Rule 54(b) certification would plainly have been required to pursue this appeal.

4

Second, while ruling from the bench on Genomma's subsequent motion to vacate the judgment, the district court suggested that Genomma could refile the dismissed claims at issue in this appeal in *the First Action* if further evidence came to light supporting Genomma's contention that Orrego and Osorio were knowingly involved in stripping assets from Venus. *Id.* at 189 ("And if it turns out that there is such evidence to indicate that there is sufficient evidence to indicate that there was some fraudulent transfers from either Carruitero or others utilizing Venus as a personal bank account, then those claims [against Osorio and Orrego] can be renewed or brought, or liability can be established either during or after a judgment is obtained by Genomma against Venus and/or Carruitero…."). Indeed, Genomma, citing this statement by the district court, argues on appeal that it "reserves [its] right to seek reinstatement of" its veil-piercing claim against Osorio "if warranted by the evidence" in the First Action. Appellant's Br. at 24 n.2. The district court's ruling from the bench and Genomma's reservation of rights suggests that both understood the district court's earlier order as having, in effect, consolidated or otherwise merged the First and Second Actions.

Accordingly, we conclude that the district court is "still actively engaged in resolving the remainder of" Genomma's claims in this case and that, as a result, the district court's decision is not a final judgment subject to the appellate jurisdiction of this court. *Houbigant*, 627 F.3d at 499. We **DISMISS** Genomma's appeal for lack of appellate jurisdiction without prejudice to Genomma's appealing the dismissal of its claims against Osorio and Orrego following a final judgment in the underlying case.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

5