*Ioio v. City of New York*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of March, two thousand twenty-six.

PRESENT:

REENA RAGGI,
DENNY CHIN,
MYRNA PÉREZ,
*Circuit Judges*.

─────────────────────────────────────

REMO DELLO IOIO, SUZANNE DEEGAN, MARITZA ROMERO, JULIA HARDING, CHRISTINE O'REILLY, SARA COOMBS-MORENO, JESUS COOMBS, ANGELA VELEZ, SANCHA BROWNE, ZENA WOUADJOU, CHARISSE RIDULFO, TRACY ANN FRANCIS MARTIN, KAREEM CAMPBELL, MICHELLE HEMMINGS HARRINGTON, CARLA GRANT, OPHELA INNISS, CASSANDRA CHANDLER, AURA MOODY, EVELYN ZAPATA, SEAN MILAN, SONIA HERNANDEZ, BRUCE REID, JOSEPH RULLO, CURTIS BOYCE, RASHEEN ODOM, JESSICA CSEPKU, JOSEPH SAVIANO, EDWARD WEBER,

ROSEANNE MUSTACCHIA, NATALYA HOGAN, FRANKIE TROTMAN, MARIA FIGARO, PAULA SMITH, LYNDSAY WANSER, SARAH WIESEL, CHRISTIAN MURILLO, DIANNE BAKER-PACIUS, DAWN SCHOL, SUZANNE SCHROETER, ALTHEA BRISSETT, TRACEY HOWARD, MARC ROSIELLO, AUDREY DENNIS, MARIE JOSEPH, PATRICIA CATOIRE, SALLY MUSSAFI, COLETTE CAESAR, BERTRAM SCOTT, DIANE PAGEN, STELLA M PRESTON, RACHELLE GARCIA, JULIE LAWLEY, SUSANNE PHILLIP, MARIA ESTRADA, JENNETTE FRAZER,

*Plaintiffs-Appellants*,

WOMEN OF COLOR FOR EQUAL JUSTICE, ELIZABETH LOIACONO, AYSE USTARES, AMOURA BRYAN, MARK AYNE, MONIQUE MORENE, GEORGIANN GRATSLEY, MERVILYN WALLEN, YULANDA SMITH, SUZANNE SHROETER, WANSER LYDSAY, MARVILYN WALLEN, MONICA MARTIN, MARK MAYNE, MONIQUE MOORE,

*Plaintiffs*,

v.                                                    No. 24-3252

CITY OF NEW YORK, NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE, ASHWIN VASAN, COMMISSIONER OF THE DEPARTMENT OF HEALTH AND MENTAL, NEW YORK CITY DEPARTMENT OF EDUCATION, DOES 1-20, ERIC L. ADAMS,

*Defendants-Appellees.*

2

FOR PLAINTIFFS-APPELLANTS:      Jo Saint-George, Women of Color for
                                Equal Justice, Gaithersburg, MD.

FOR DEFENDANTS-APPELLEES:        Jonathan Schoepp-Wong, Assistant
                                Corporation Counsel (Richard Dearing,
                                Ingrid R. Gustafson, of Counsel, *on the
                                brief*), *for* Muriel Goode-Trufant,
                                Corporation Counsel, New York, NY.

Appeal from a September 25, 2024, order of the United States District Court for the Eastern District of New York (Komitee, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court is **AFFIRMED**.

In connection with vaccine mandates issued by Defendant-Appellee the City of New York (the "City") requiring all City employees to be vaccinated against COVID-19, Plaintiffs-Appellants asserted claims for violations of their rights pursuant to: 1) the Occupational Safety and Health Act of 1970; 2) the First Amendment's Free Exercise Clause and substantive due process under the Fourteenth Amendment, both via 42 U.S.C. § 1983; 3) Title VII of the Civil Rights Act of 1964; 4) certain sections of the New York City Human Rights Law ("NYCHRL"); and 5) New York's common law of fraud. Appellants also moved for sanctions against Appellees pursuant to Federal Rule of Civil Procedure 11.

3

With two exceptions, the District Court dismissed all of Appellants' claims.[1] *See*

*Coombs-Moreno v. City of New York*, No. 22-CV-02234, 2024 WL 4287247, at *12 (E.D.N.Y.

Sep. 25, 2024). It also denied Appellants' request for sanctions. This appeal followed.

Concurrent with noticing this appeal, Appellants also moved for recusal of the

District Judge pursuant to 28 U.S.C. § 455. In a subsequent order, the District Court

dismissed the two remaining claims and denied Appellants' request for recusal. *See*

*Bryan v. City of New York*, No. 22-CV-2234, 2025 WL 917826, at *1–4 (E.D.N.Y. Mar. 25,

2025). Appellants have not appealed that subsequent order. We assume the parties'

familiarity with the underlying facts, procedural history, and issues on appeal, to which

we refer only as necessary to explain our decision to affirm.

I.      **Jurisdiction**

At the outset, "we are obliged to assure ourselves that appellate jurisdiction

exists." *Uniformed Fire Officers Ass'n v. de Blasio*, 973 F.3d 41, 46 (2d Cir. 2020). The general

rule is that we do not have appellate jurisdiction over nonfinal orders because 28 U.S.C.

§ 1291 "requires that a party must ordinarily raise all claims of error in a single appeal

following final judgment on the merits." *Marquez v. Silver*, 96 F.4th 579, 582 (2d Cir. 2024)

(citation modified) (quoting *In re "Agent Orange" Prod. Liab. Litig.*, 745 F.2d 161, 163 (2d

Cir. 1984)). The order from which Appellants noticed this appeal was a nonfinal order

---

[1]      In the appealed order, the District Court dismissed all claims except for Plaintiff Amoura Bryan's Title VII and NYCHRL claims.

4

since it did not dispose of all claims, and the District Court did not "direct entry of a final judgment as to one or more, but fewer than all, claims or parties," which would otherwise have made the order appealable as to the dismissed claims. *See* Fed. R. Civ. P. 54(b); *Houbigant, Inc. v. IMG Fragrance Brands, LLC*, 627 F.3d 497, 498 (2d Cir. 2010) (per curiam).

Nevertheless, we have appellate jurisdiction over an appeal of a nonfinal order "if a final judgment has been entered by the time the appeal is heard and the appellee suffers no prejudice." *Houbigant*, 627 F.3d at 498 (quoting *Smith v. Half Hollow Hills Cent. Sch. Dist.*, 298 F.3d 168, 172 (2d Cir. 2002)). That is the case here because the District Court has since dismissed the remaining claims and therefore the overall case.[2] *See Bryan*, 2025 WL 917826, at *1. We detect no prejudice to the Appellees. Indeed, Appellees themselves agree that appellate jurisdiction is proper. *See* Appellees' Br. at 21 n.5.

However, we do not have appellate jurisdiction over the District Court's denials of Appellants' recusal motion[3] and class certification motion, both of which Appellants

---

[2]  The District Court did not separately enter judgment, and so under Rule 58, judgment is considered entered after 150 days. *See* Fed. R. Civ. P. 58(c)(2)(B); *cf. Arzuaga v. Quiros*, 781 F.3d 29, 33 (2d Cir. 2015). Final judgment in the underlying action was thus considered entered as of August 22, 2025.

[3]  To the extent we may consider Appellants' § 455 grievance as its own claim on appeal in the first instance—as opposed to reviewing the District Court's ruling on the same grievance—we reject it on the merits. *See United States v. Wolfson*, 558 F.2d 59, 62 n.11 (2d Cir. 1977) ("Section 455 is a self-enforcing provision that is directed towards the judge, but may be raised by a party. . . . [I]n fact, § 455 is 'wholly silent about procedure . . . .'" (quoting 13 Wright & Miller's Federal Practice & Procedure § 3550 (1st ed. 1975))). "[D]isqualification is not required on the basis of remote, contingent, indirect or speculative interests." *United States v. Bayless*, 201 F.3d 116, 127 (2d Cir. 2000) (quoting *Diamondstone v. Macaluso*, 148 F.3d 113, 121 (2d Cir. 1998)). Appellants' various theories that the District Judge was personally and financially motivated to recognize the legality of COVID-19 vaccine mandates have at best a remote basis and are entirely speculative.

5

challenge on appeal. A notice of appeal "must . . . designate the judgment—or the appealable order—from which the appeal is taken." *See* Fed. R. App. P. 3(c)(1)(B). Those designations determine the scope of our appellate jurisdiction. *See Swatch Grp. Mgmt. Servs. Ltd. v. Bloomberg L.P.*, 756 F.3d 73, 93 (2d Cir. 2014). The District Court's orders denying recusal and class certification were not designated in Appellants' notice of appeal. This is fatal to our appellate jurisdiction over those rulings. *See id.* Even though "a premature notice of appeal from a nonfinal order may ripen into a valid notice of appeal if a final judgment has been entered by the time the appeal is heard," *Houbigant*, 627 F.3d at 498 (quoting *Half Hollow Hills*, 298 F.3d at 172), that is entirely separate from whether that final judgment was properly designated in a notice of appeal.[4]

## II.     Claims at Issue

This Court reviews the grant of a motion to dismiss for failure to state a claim de novo. *See City of Providence v. Bats Glob. Mkts., Inc.*, 878 F.3d 36, 48 (2d Cir. 2017). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Hamilton v. Westchester County*, 3 F.4th 86, 90–91 (2d Cir. 2021) (quoting *Dane v. UnitedHealthcare Ins. Co.*, 974 F.3d

---

[4]     Appellants treat this appeal as their plenary appeal following final judgment. Were that the case, then indeed there would be no need to separately designate each prior order they wish to appeal, because upon final judgment all prior orders "merge into the designated judgment or appealable order" for purposes of noticing a plenary appeal. *See* Fed. R. App. P. 3(c)(4). But here, Appellants did not notice an appeal of the final judgment. *See* Fed. R. App. P. 3(c)(5)(A) ("In a civil case, a notice of appeal encompasses the final judgment . . . if the notice designates: an order that adjudicates all remaining claims and the rights and liabilities of all remaining parties . . . .").

183, 188 (2d Cir. 2020)). "We accept as true all factual allegations and draw from them all reasonable inferences; but we are not required to credit conclusory allegations or legal conclusions couched as factual allegations." *Id.* (quoting *Dane*, 974 F.3d at 188).[5]

## A. The Occupational Safety and Health Act of 1970 Claims

Appellants are incorrect that the Occupational Safety and Health Act of 1970 ("OSHA") precludes the City's ability to issue and enforce the challenged vaccine mandates. For starters, we lack jurisdiction to consider Appellants' preemption argument because the challenged vaccine mandates are no longer in effect, and thus it is impossible for us to grant any relief on Appellants' preemption claim. *See New Yorkers for Religious Liberty, Inc. v. City of New York*, 125 F.4th 319, 327–28 (2d Cir. 2025).

Preemption aside, Appellants cannot claim that the vaccine mandates violate OSHA because it is settled law that "[u]nder OSHA, employees do not have a private right of action." *See Donovan v. OSHRC*, 713 F.2d 918, 926 (2d Cir. 1983) (citing *Marshall v. OSHRC*, 635 F.2d 544, 550–51 (6th Cir. 1980)). "[I]t is apparent from the detailed statutory scheme that the public rights created by the Act are to be protected by the Secretary [of Labor], and that enforcement of the Act is the sole responsibility of the

---

[5]  Appellants make no argument in their briefing as to their Title VII and common-law fraud claims, asserting that they "need not be addressed" because "those claims remain available only if no federal claims prevail." Appellants' Br. at 10. This constitutes abandonment of those claims on appeal. *See Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("[A]n appellant's failure to make 'legal or factual arguments' constitutes abandonment." (quoting *Schwapp v. Town of Avon*, 118 F.3d 106, 112 (2d Cir. 1997))). While cursory, Appellants do state that "a violation of a federal civil rights statute is per se a violation of the NYCHRL," so we do not consider that claim abandoned. Appellants' Br. at 58.

7

Secretary." *Id.* at 927 (citations omitted). In other words, outside of two exceptions inapplicable here, only the Secretary of Labor may enforce violations of OSHA, and not employees in their own lawsuits.

Appellants attempt to circumvent the foregoing statutory scheme by asserting that the Secretary of Labor's exclusive authority is limited to "enforcement proceedings," which Appellants purport are separate from—and therefore do not otherwise limit—a private right of action by them. Appellants' Reply at 14. That argument is without merit because a private action claiming violation of the Act seeks to enforce the Act. In any event, Appellants themselves identify "approximately 200 cases" since 1970 that "have held explicitly or implicitly that there is no private right of action under the OSH Act," and simply assert that "[t]hose cases, however, are not authoritative and should be ignored because those decisions are inconsistent with the rules of statutory construction." Appellants' Br. at 44.[6] We decline to ignore these cases, and hold consistent with well-established precedent that Appellants cannot bring claims under OSHA.

### B. Constitutional Claims

Appellants' constitutional claims likewise fail. Appellants argue that the vaccine mandates violate their constitutional rights because "the right to refuse and choose

---

[6] Appellants filed multiple versions of their opening brief; we previously granted Appellants' motion for leave to file an amended opening brief. 2d Cir. 24-3252, Dkt. No. 86 (Aug. 1, 2025). All references to Appellants' Brief are to the document titled "Appellants' Corrected Brief" filed pursuant to that granted motion. 2d Cir. 24-3252, Dkt. No. 91 (Sep. 12, 2025).

medical treatment on religious grounds cannot be burdened under any circumstances because vaccines are 'never' necessary to prevent the transmission of any airborne hazard." Appellants' Br. at 55–56. To the contrary, in upholding COVID-19 vaccine mandates specifically, we have recently explained that "[b]oth this Court and the Supreme Court have consistently recognized that the Constitution embodies no fundamental right that in and of itself would render vaccine requirements imposed in the public interest, in the face of a public health emergency, unconstitutional." *We The Patriots USA, Inc. v. Hochul*, 17 F.4th 266, 293 (2d Cir. 2021). Therefore, as long as a vaccine mandate is "a 'neutral law of general applicability,'" it "is subject to rational basis review even if it incidentally burdens a particular religious practice." *Id.* at 280 (quoting *Emp. Div. v. Smith*, 494 U.S. 872, 878–79 (1990)). The vaccine mandates in question were neutral laws of general applicability, and the City presents a rational basis for so mandating: namely, to address the COVID-19 public health crisis. *See id.* at 290.

Faced with this unequivocal, controlling precedent, Appellants unsuccessfully argue that Supreme Court precedents regarding vaccine mandates have been somehow preempted or implicitly overruled. We do not read the precedent that way. To wit, we have recently rejected a version of this argument in applying such precedent to uphold a COVID-19 vaccine mandate. *See id.* at 293–94. Appellants' constitutional claims fail.

9

### C. NYCHRL

Appellants assert in a single paragraph that "a violation of a federal civil rights statute is per se a violation of the NYCHRL." Appellants' Br. at 57–58. Appellants provide no other basis for their NYCHRL claims. Because there is no violation of a federal civil rights statute here, Appellants' NYCHRL claim likewise fails.

## III.   Sanctions

We identify no abuse of discretion in the District Court's denial of sanctions against Appellees and therefore affirm. There is evidence, however, that Appellants' counsel used false citations in their opening brief to this Court[7] and purported to represent as a plaintiff in this action someone who expressly asked not to be involved.[8] We therefore **REFER** Attorneys Jo Saint-George and Tricia S. Lindsay to the Court's

---

[7]    Appellants assert in conclusory fashion that two "leading" New York state court decisions stand for the proposition that a violation of a federal civil rights statute is per se a violation of the NYCHRL. *See* Appellants' Br. at 57–58. The two citations provided for those two decisions, however, do not appear to exist, nor could we locate decisions resembling those citations closely enough to suggest mere typographical errors. "At the very least, the duties imposed by Rule 11 require that attorneys read, and thereby confirm the existence and validity of, the legal authorities on which they rely." *See Park v. Kim*, 91 F.4th 610, 615 (2d Cir. 2024).

[8]    The District Court received a letter from Mark Whitsett, explaining that he "at no time . . . agree[d] to be in this case" and instead "told Attorney Saint-George that I was not interested in participating in this case before she filed it." Letter from Mark Whitsett, *Bryan v. City of New York*, No. 22-CV-2234 (E.D.N.Y. Oct. 31, 2024), Dkt. No. 113. Appellants' counsel subsequently explained in a letter to the District Court that various plaintiffs should be removed from the docket for "incorrect spelling," and that two plaintiffs were "accidently named." Letter from Jo Saint-George, *Bryan v. City of New York*, No. 22-CV-2234 (E.D.N.Y. Nov. 22, 2024), Dkt. No. 117. A subsequent motion indicated even more plaintiffs accidentally named as parties. *See* Motion re Misjoinder of Parties and Addition of a Party, *Bryan v. City of New York*, No. 22-CV-2234 (E.D.N.Y. Dec. 20, 2024), Dkt. No. 120-2. Of course, "[e]very attorney is under an ethical obligation to disclose fully to each client the possible implications of joint representation, and a lawyer may not act for the client unless the client has expressly consented to that course of representation." *See People v. Macerola*, 391 N.E.2d 990, 992 n.3 (N.Y. 1979).

Grievance Panel pursuant to Local Rule 46.2 for further investigation, and for consideration of a referral to the Committee on Admissions and Grievances. *See* 2d Cir. R. 46.2.

## IV.    Conclusion

We have considered Appellants' remaining arguments and conclude that they are without merit.  The order of the District Court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court